**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| KEVIN DOAN, et al.,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>NIRMAL SINGH, et al.,<br><br>        Defendants - Appellees. | No. 13-16980<br><br>D.C. No. 1:13-cv-00531-LJO-SMS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 15, 2015[**]
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges, and DUFFY, District Judge.[***]

Plaintiffs Kevin and Pauline Doan filed a complaint in the Eastern District of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

California alleging a RICO claim and various state law claims.[1]  Plaintiffs' claims

related to failed gas station development investments in companies controlled by or

associated with the individual Defendants.  Plaintiffs appeal the district court's

order dismissing their complaint for failure to state a claim pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure and an order denying Plaintiffs

further leave to amend their first amended complaint.  We have jurisdiction

pursuant to 28 U.S.C. § 1291 and we affirm the judgment of the district court.

"We review de novo a dismissal for failure to state a claim under Rule

12(b)(6)."  *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (en banc).

We accept as true all factual allegations in the complaint and draw all reasonable

inferences in favor of the nonmoving party.  *Retail Prop. Trust v. United Bhd. of

Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).  A complaint

need not state "detailed factual allegations," but it must contain sufficient factual

matter to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.

---

[1]  Plaintiffs have waived review of the district court's decision not to exercise supplemental jurisdiction over the complaint's state law claims by failing to argue the issue in their briefing.  *See* Fed. R. App. P. 28(a)(8); *Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010).

*Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under the civil RICO statute, 18 U.S.C. § 1962(c), "a plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Odom*, 486 F.3d at 547 (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). "In addition, the conduct must be (5) the proximate cause of harm to the victim." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (citing *Sedima, S.P.R.L.*, 473 U.S. at 496–97). A "'pattern of racketeering activity' requires at least two acts of racketeering activity . . . ." 18 U.S.C. § 1961(5). "'[R]acketeering activity' is any act indictable under several provisions of Title 18 of the United States Code . . . ." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (internal citation omitted).

Here, Plaintiffs claimed mail, wire, and bank fraud as RICO predicates.[2] *See Sanford*, 625 F.3d at 557; *see also* 18 U.S.C. § 1961(1). RICO fraud allegations are subject to the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. *Odom*, 486 F.3d at 553.

A RICO claim also requires a plaintiff to plead the existence of an

---

[2] Plaintiffs' other allegations, as they are described in the complaint, are not RICO predicates. *See* 18 U.S.C. § 1961(1) (setting forth the complete list of "racketeering activities").

"enterprise" within the meaning of 18 U.S.C. § 1961(4). An enterprise may be a legal entity, or it may be an association-in-fact. 18 U.S.C. § 1961(4). "[A]n associated-in-fact enterprise under RICO does not require any particular organizational structure, separate or otherwise." *Odom*, 486 F.3d at 551. To allege an association-in-fact, the complaint must describe "'a group of persons associated together for a common purpose of engaging in a course of conduct[]' . . . [and] must provide both 'evidence of an ongoing organization, formal or informal,' and 'evidence that the various associates function as a continuing unit.'" *Id.* at 552 (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)). Importantly, "[t]he 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages." *Turkette*, 452 U.S. at 583.

The complaint does not allege a legal entity and fails to sufficiently allege an association-in-fact. Plaintiffs have not sufficiently pleaded the existence of an enterprise because the complaint does not allege how Defendants associated together for a common purpose. Apart from acts attributed to Defendant Nirmal Singh, the Defendant Chandis, and Defendant Paul Raj Chadha, the other defendants are variously alleged to have "conspired," "assisted," "colluded," or "help[ed]." Still, it is not clear what exactly each individual did, when they did it, or how they functioned together as a continuing unit. These bare assertions of a

pattern of racketeering activity do not establish an enterprise and they do not, therefore, satisfy Plaintiffs' burden. *See Iqbal*, 556 U.S. at 681. As such, we affirm the judgment of the district court dismissing Plaintiff's RICO claim.[3]

In cases "where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotation marks omitted). Here, the district court warned Plaintiffs that given the initial complaint's failure to satisfy rudimentary pleading standards, they would get only one opportunity to amend the complaint. The district court dismissed the original RICO claim for failure to plead facts sufficient to support the existence of an enterprise and noted that Plaintiffs had failed to allege the existence of an ongoing organization or that the various Defendants functioned as a continuing unit. Plaintiffs' amended RICO claim suffered from the same deficiencies. The district court did not abuse its discretion in denying Plaintiffs further leave to amend.

The judgment of the district court is **AFFIRMED.[4]**

---

[3] Moreover, Plaintiffs' complaint fails to meet the Rule 9(b) standard for mail or wire fraud. *See Sanford*, 625 F.3d at 558.

[4] Plaintiffs' outstanding motions for judicial notice (Dkt. Nos. 19 and 33) are denied as moot.